```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
CRYSTAL BARKLEY,                           :    25cv205(DLC)
                                           :
                                           :         ORDER
                        Plaintiff,         :
            -v-                            :
                                           :
AUDIENT CAPITAL GP LTD, et al.,            :
                                           :
                        Defendants.        :
                                           :
----------------------------------------- X
```

DENISE COTE, District Judge:

This action was filed on January 9, 2025 against defendants Audient Capital GP LTD ("Audient"), Richard J. Bucaria, and John Does 1 through 10. On April 4, the plaintiff moved for an order authorizing alternative service on both defendants through Randy Mendelsohn, an attorney who has recently represented the defendants.

According to the plaintiff, Bucaria is an individual who lives in New York. Audient maintains its corporate headquarters at a post office box in the Cayman Islands. The plaintiff's process server has unsuccessfully attempted to serve Bucaria in person on seven occasions. The plaintiff also mailed the complaint and summons to Audient's address in the Cayman Islands.

Prior to filing this lawsuit, the plaintiff corresponded with the defendants regarding arbitration and settlement. In a June 18, 2024 email, Bucaria directed plaintiff's counsel to

"call our general council, Randy Mendelsohn" to discuss resolution of the plaintiff's claims. When plaintiff's counsel contacted him about arbitration, Mendelsohn acknowledged the email and noted he was "[w]orking to be able to discuss settlement." On August 30, plaintiff's counsel asked Mendelsohn if he would accept service in this action on behalf of the defendants, and Mendelsohn responded he would not. When plaintiff's counsel noted he would be contacting Bucaria directly, Mendelsohn stated that he represented Audient, that Bucaria was an employee of Audient, and that, as a result, plaintiff's counsel was not authorized to contact Bucaria or any other Audient employee.

Rule 4(c), Fed. R. Civ. P., requires service of a complaint and summons on each defendant. Service on an individual in the United States may be effected by following the law of service of the forum state. Fed. R. Civ. P. 4(e)(1). New York law allows service by delivery of the summons to the person at their home or place of business. N.Y. C.P.L.R. § 308(1),(2),(4). If service through those means is "impracticable," the court may direct an alternative method for service. Id. § 308(5). "Although impracticality does not require a showing of actual attempts to serve parties under every method in the aforementioned provisions of C.P.L.R. 308, the movant is

2

required to make competent showings as to actual efforts made to effect service." Joseph Il. v. Luisa JJ., 160 N.Y.S.3d 119, 123 (3d Dep't 2021). The alternative means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Doe v. Hyassat, 337 F.R.D. 12, 15 (S.D.N.Y. 2020) (citation omitted). Courts have permitted service on a defendant's attorney, even when that attorney has not been authorized to accept service, when other means have proven impracticable. Id. at 17.

A foreign corporation, partnership, or association may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [("Hague Convention")]." Fed. R. Civ. P. 4(f)(1). Foreign service may also be effected "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Hague Convention does not prohibit service by mail if the receiving state has not objected, which the Cayman Islands (through the United Kingdom) has not. Water Splash, Inc. v. Menon, 581 U.S. 271, 284 (2017).

The plaintiff has sufficiently shown that traditional means of service are impracticable under C.P.L.R. § 308(5), and that

3

service on Mendelsohn is reasonably calculated to apprise the defendants of this action. Indeed, Bucaria identified Mendelsohn as the person with whom to communicate about the very dispute underlying this case. For the same reasons, the plaintiff has shown that alternative service on Audient is appropriate under Fed. R. Civ. P. 4(f)(3). Accordingly, it is hereby

ORDERED that the plaintiff's April 4, 2025 motion for alternative service is granted. The plaintiff shall serve the complaint and summons, along with this Order, on Mendelsohn no later than **April 11, 2025,** and file proof of such service on the docket promptly thereafter.

IT IS FURTHER ORDERED that the initial pretrial conference, pursuant to Rule 16, Fed. R. Civ. P., shall be held on **May 21, 2025** at **2:30 p.m.** in Courtroom 18B, 500 Pearl Street, New York, New York. The parties shall refer to the Order of January 21, 2025 for directions on preparation for and attendance at the conference.

Dated:   New York, New York
         April 9, 2025

                                    _____
                                         DENISE COTE
                                    United States District Judge