UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRYSTAL BARKLEY,

Plaintiff,

-v-

AUDIENT CAPITAL GP LTD, et al.,

Defendants.

25cv205 (DLC)

ORDER

DENISE COTE, District Judge:

On September 18, 2026, the parties in this action requested a revision of the pretrial deadlines in this action. This request is untimely. It is granted in part.

This action was filed by Crystal Barkley on January 9, 2025, to obtain a payment of wages from her former employer and compensation for terminating her employment in September of 2024 after she filed an arbitration action. A default has been entered against the entity defendant. The individual defendant Richard Bucaria is proceeding pro se.

Bucaria's motion to compel arbitration was granted on September 25, 2025 and litigation of this action was stayed pending completion of that arbitration. The arbitration proceedings were terminated in February of 2026 for Bucaria's failure to submit the required deposit to pay for the

arbitration. Following a March 25, 2026 conference with the parties, the stay of litigation was lifted and a schedule for this litigation was entered. Fact discovery was to conclude on July 31 and expert discovery on October 2. Any motion for summary judgment, or in its absence a pretrial order, was due October 23, 2026.

An Opinion and Order of June 8, 2026 granted the motion to dismiss the RICO claim but otherwise denied Bucaria's motion to dismiss the claims against him. Barkley's breach of contract claim against Bucaria depends on the plaintiff's ability to present evidence that it is appropriate to pierce the corporate veil of the entity defendant.

As reflected in the parties' joint application to adjust the discovery schedule, they have barely begun discovery. The plaintiff has not served Rule 26(a) disclosures; documents have not been produced; and no depositions have been taken. The parties have just now agreed upon search terms to govern the production of documents and have submitted a confidentiality agreement. Both represent that they want to conduct third party discovery but have not served any discovery requests in that regard. They indicate that they do not presently anticipate amending their pleadings, but seek to reserve the right to do

so. As noted above, the scheduled date for the close of fact discovery passed weeks ago. There was no timely request to extend that schedule and the parties have not shown diligence in the months following the entry of the March scheduling order. Accordingly, it is hereby

ORDERED that any amendment of pleadings or joinder of parties must occur by **September 30, 2026.**

IT IS FURTHER ORDERED that that fact discovery will conclude **December 18, 2026.** There shall be no extension of this date without good cause shown in a timely application to the Court.

IT IS FURTHER ORDERED that, in the event any party wishes to pursue expert discovery, it shall disclose the identity of its expert and the topics of testimony by **December 11, 2026.** Without such a disclosure, the following schedule will govern any summary judgment motion:

- Motion served by **January 22, 2027**
- Opposition served by **February 12, 2027**
- Reply served by **February 26, 2027**

IT IS FURTHER ORDERED that, in the event no summary judgment motion is filed by **January 22, 2027,** the parties shall each file by **January 29, 2027,** a Statement of the issues to be

tried and a list of their trial witnesses and exhibits.

Dated: New York, New York
September 22, 2026

DENISE COTE
United States District Judge